FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK EDWARD AGUILAR, JR, Debtor,<br><br>       Appellant,<br><br>  v.<br><br>DANIEL H. BRUNNER, Chapter 13 Trustee, and GREGORY M. GAVIN, Acting U.S. Trustee,<br><br>       Appellees. | No. 2:22-CV-00184-MKD<br><br>ORDER GRANTING APPELLEE'S MOTION TO DISMISS INTERLOCUTORY APPEAL<br><br>**ECF No. 8** |

Before the Court is Appellee United States Trustee for Region 18, Gregory M. Garvin's ("Trustee"), Motion to Dismiss Interlocutory Appeal, ECF No. 8. The Trustee requests this Court dismiss Aguilar's appeal because he did not obtain leave to pursue the interlocutory order as required under Federal Rule of Bankruptcy Procedure 8004(a). ECF No. 8 at 4. In the alternative, the Trustee requests that if the Court, in its discretion, excuses Aguilar's administrative deficiency, this Court either: (1) treat the notice of appeal as a motion for leave,

ORDER - 1

deny leave, and dismiss the appeal; or (2) direct Appellant Mark Edward Aguilar, Jr., ("Aguilar") to file a motion for leave within 14 days of entry of the Court's order on dismissal allowing the Trustee to file a response. ECF No. 8 at 7. The Court, having reviewed the record and the pleadings in this matter, is fully informed. Because Aguilar's Notice of Appeal, ECF No. 1, does not meet the standards required for a motion for leave, the Court grant's the Trustee's motion and dismisses Aguilar's appeal.

## BACKGROUND

Aguilar filed bankruptcy in October 2021 in the United States Bankruptcy Court for the Eastern District of Washington. *In re Aguilar*, No. 21-01294-FPC13 (Bankr. E.D. Wa. Oct. 27, 2021), ECF No. 1. In March 2022, Aguilar's case was converted to a Chapter 13,[1] and he proposed a plan for confirmation by the bankruptcy court. *In re Aguilar*, No. 21-01294-FPC13, ECF Nos. 22, 32.

The Trustee objected to Aguilar's proposed plan, asserting the plan did not meet the statutory requirements for confirmation. *In re Aguilar*, No. 21-01294-FPC13, ECF No. 48. On June 29, 2022, the bankruptcy court sustained the

---

[1] Chapter 13 enables an individual to obtain a discharge of his debts if he pays his creditors a portion of his monthly income in accordance with a court-approved plan. 11 U.S.C. § 1301 *et seq.*

ORDER - 2

objections to the plan and denied confirmation. *In re Aguilar*, No. 21-01294-FPC13, ECF No.65.

On July 12, 2022, Aguilar filed a Notice of Appeal of the order denying confirmation. *In re Aguilar*, No. 21-01294-FPC13, ECF No.66. Aguilar did not move for leave to pursue the appeal of an interlocutory order as required by Federal Rule of Bankruptcy Procedure 8004. *In re Aguilar*, No. 21-01294-FPC13, ECF No. 11 at 2. On August 1, 2022, Aguilar filed a Statement of Issues in the underlying bankruptcy matter. *In re Aguilar*, No. 21-01294-FPC13, ECF No.70. The Statement of Issues was not filed in this matter and simply stated:

> Debtor received unemployment benefits during the Means Test lookback period. Are unemployment benefits exempt from income under 11 U.S.C. 101(10A)(B)(ii) as "benefits received under the Social Security Act".

*Id*.

On September 8, 2022, the Trustee moved to dismiss Aguilar's appeal asserting Aguilar did not comply with Bankruptcy Rule 8004(a) which required Aguilar to file a motion for leave to appeal an interlocutory order. ECF No. 8 at 5.

## LEGAL STANDARDS

**A. Appeal of a Bankruptcy Court Order**

*1. Jurisdiction*

A district court's appellate jurisdiction over orders of a bankruptcy court is established by 28 U.S.C. § 158(a). Pursuant to that statute, district courts have

ORDER - 3

jurisdiction to hear appeals "from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), and "with leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3). The Supreme Court has held that an order denying confirmation of a proposed chapter 13 plan is not an interlocutory order. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502-503 (2015). The Supreme Court in *Bullard* further held that appeals to district courts are permitted only from orders that "finally dispose of discrete disputes within the larger case." *Id.* at 501 (quoting *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 657, n. 3, (2006)).

In *Bullard*, the Supreme Court considered the finality of an order denying confirmation of a Chapter 13 plan. The Court explained the difference between bankruptcy matters and traditional litigation matters:

> The [finality] rules are different in bankruptcy. A bankruptcy case involves an aggregation of individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. Accordingly, Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case. The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from "final judgments, orders, and decrees ... in cases and proceedings."

*Id.* (citations omitted).

Ultimately, the Supreme Court found that the relevant "proceeding" for purposes of finality within the bankruptcy was the confirmation process as a

ORDER - 4

whole. *In re Liu*, 611 B.R. 864, 871 (B.A.P. 9th Cir. 2020) (citing *Bullard*, 575 U.S. at 502). "Denial of the Chapter 13 plan was not final because 'only plan confirmation - or case dismissal - alters the status quo and fixes the rights and obligations of the parties.'" *Id*. Accordingly, Aguilar is appealing an interlocutory order.[2]

    2. *Procedure for Filing an Appeal of an Interlocutory Order*

Under Federal Rule of Bankruptcy Procedure 8004(a), to appeal a bankruptcy court's interlocutory order under 28 U.S.C. §158(a)(3), a party must file a motion for leave to appeal. *See* Fed. R. Bankr. P. 8004(a)(2). Bankruptcy Rule 8004(b) sets forth the required contents of a motion for leave to appeal under 28 U.S.C. § 158(a)(3), which includes the following:

  (A) the facts necessary to understand the question presented;
  (B) the question itself;
  (C) the relief sought;
  (D) the reasons why leave to appeal should be granted; and
  (E) a copy of the interlocutory order or decree and any related opinion or memorandum.

Fed. R. Bankr. P. 8004(b)(1)(A-E).

Under Rule 8004(d), however, if an appellant timely files a notice of appeal under Bankruptcy Rule 8004 but does not include a motion for leave, the district

---

[2] Indeed, Aguilar concedes that he is appealing an interlocutory order. ECF No. 11 at 2.

ORDER - 5

court may treat the notice of appeal as a motion for leave and grant or deny it. *Official Comm. v. Credit Lyonnais Bank Nederland,* 167 B.R. 176, 180 (9th Cir. BAP 1994).

Here, Aguilar is appealing the order which denied confirmation of his Chapter 13 repayment plan, but his Notice of Appeal and Statement of Issue do not provide this Court with a factual background of the case or argument as to why the appeal should be granted. Aguilar's Response states that the question at issue is whether Social Security unemployment benefits are exempt from the means test, however, Aguilar does not provide any additional information or briefing on the subject. ECF No. 11 at 3. Because Aguilar failed to follow the proper procedure and provide this Court with any information as to what he was appealing, the Court grants the Trustee's Motion to Dismiss.

    *3. Discretionary Review*

Alternatively, the Court notes that even if treated as a motion for leave, dismissal of the appeal is appropriate because Aguilar has not established that discretionary review of the interlocutory order is appropriate.

In considering whether to grant leave to appeal, a district court "looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re*

ORDER - 6

*Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) ("We look for guidance to the standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted [under section 158(a)(3) ]."). "Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *In re Cameron*, No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014).

Aguilar agrees that an order denying confirmation is, as a general rule, an interlocutory order. ECF No. 11 at 2. However, Aguilar argues that under the "collateral order doctrine" an interlocutory order can be treated as a final order. ECF No. 11 at 2 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)).

### 4. The Collateral Order Doctrine

Only a "small class" of rulings may be appealable as of right under the collateral order doctrine. *Will v. Hallock,* 546 U.S. 345, 349 (2006) (citations omitted). The claims in this small class of rulings must be "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546. The Ninth Circuit has held that "[t]his determination should not be made lightly because the principle that appellate review should be deferred pending the final judgment of the district court is central to our system of jurisprudence."

ORDER - 7

*United States v. Amlani*, 169 F.3d 1189, 1192 (9th Cir. 1999). "Strict application of the requirements is particularly important because, when a court identifies an order as an appealable, collateral one, it determines the appealability of all such orders." *SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1171 (9th Cir. 2006).

To fall within the scope of the collateral order doctrine, an order must satisfy three requirements first described by the Supreme Court in *Cohen*. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106-107 (2009) (citations omitted). The order must: (1) be "conclusive" on the issue at hand, (2) "resolve important questions separate from the merits," and (3) be "effectively unreviewable" after final judgment. *Id.* at 106 (citations omitted). The appellant has the burden of establishing that all three conditions of the collateral order doctrine are met by the order the appellant seeks to appeal. *McIntyre v. Active Energies Solar, LLC*, 857 F. App'x 976, 979 (10th Cir. 2021).

a. Conclusive Determination of Disputed Question

Aguilar's Statement of Issue is simply: "[a]re unemployment benefits exempt from income under 11 U.S.C. § 101(10A)(B)(ii) as 'benefits received under the Social Security Act.'" ECF No. 11 at 3; *In re Aguilar*, No. 21-01294-FPC13, ECF No.70. However, the Trustee asserts that the relevant question is whether Aguilar's plan in its entirety should be confirmed as proposed. ECF No. 12 at 9. The Trustee is correct. The issue regarding unemployment benefits will

ORDER - 8

not be conclusively determined by the present appeal because there are other outstanding objections to Aguilar's plan preventing confirmation. ECF No. 12 at 9. For example, the Trustee's objections to Aguilar's plan raise issues regarding feasibility, improper retention of a Ford F250 pickup truck, and improper treatment of the claim of a third-party creditor. ECF No. 12 at 9.

Aguilar has not met his burden as to the first *Cohen* condition. This alone could end the Court's analysis, as all three conditions must be satisfied, *Mohawk*, 558 U.S. at 105-107, however, in the interest of punctiliousness, the Court will continue its examination of the remaining *Cohen* factors.

        b. Whether the Order Resolves an Important Issue Completely Separate from the Merits of the Action

"The second condition insists upon 'important questions separate from the merits.'" *Mohawk,* 558 U.S. at 107 (citations omitted). The question regarding whether unemployment income is excluded from the means test is not separate from, but rather central to, resolving the merits of the plan confirmation. *See WCI Steel, Inc. v. Wilmington Tr. Co.*, 338 B.R. 1, 8 (N.D. Ohio 2005).

Aguilar admits that overall the order denies confirmation of his case, but argues that "separate and apart from the merits of whether the case should confirm is the important issue of what constitutes income for the purpose of the [m]eans [t]est." ECF No. 11 at 3. Aguilar also asserts that the means test is a determinative factor of whether a debt is eligible for Chapter 7 or is required to file a Chapter 13.

ORDER - 9

Finally, Aguilar asserts that the determination of what constitutes income is certainly in the public interest but does not provide any supporting argument. ECF No. 11 at 4.

The Trustee, in contrast, correctly asserts that confirmation of a reorganization plan is not an independent issue from the rest of the case; it is the case. ECF No. 12 at 8 (quoting *WCI Steel,* 338 B.R. at 12). The Trustee also points out that Aguilar recognizes in his Response "the [m]eans [t]est is the ***determinative factor*** in whether debtor is eligible for a Chapter 7 or is required to file a Chapter 13 and if a Chapter 13 the relevant commitment period." ECF No. 12 at 8 (quoting ECF No. 11 at 3) (emphasis added). In other words, Aguilar admits in his briefing that the determinative factor is whether the debtor is eligible for a Chapter 7 or a Chapter 13 and that determination requires much more than the issue presented in the appeal. Accordingly, Aguilar has not met his burden to satisfy the second *Cohen* condition.

      c. Whether the Order is Effectively Unreviewable on Appeal From a Final Judgment

Where a denial of confirmation does not terminate the bankruptcy case or conclusively adjudicate a debtor's ability to reorganize, such an order is non-final. *Simons v. Federal Deposit Ins. Corp.* (*In re Simons*), 908 F.2d 643, 645 (10th Cir. 1990). "[S]o long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another

ORDER - 10

plan for the bankruptcy court to review for confirmation." *Id.* "Under these circumstances, the parties' rights have not been finally determined and the process of plan confirmation is continuing." *Rady v. Robert Bros.*, No. 1:02-CV-1284, 2003 WL 21180694, *1, (S.D. Ind. Apr. 23, 2003).

Indeed, the reviewability of a denied chapter 13 plan confirmation was the central issue in *Bullard v. Hills Bank*, discussed *supra*. As the Trustee correctly identifies in his Response, "*Bullard* held that the relevant 'proceeding' when considering an appeal of [a] chapter 13 plan denial was the 'entire process of considering plans' and that this process only terminates 'when a plan is confirmed or – if the debtor fails to offer any confirmable plan – when the case is dismissed.'" ECF No. 12 at 6 (citing *Bullard*, 575 U.S. at 502).

Numerous courts considering this issue have held that where a bankruptcy court denies or withholds confirmation of a reorganization plan, without also dismissing the entire proceedings, the order is not final for purposes of appeal. *See Lievsay v. Western Fin. Sav. Bank* (*In re Lievsay*), 118 F.3d 661, 662 (9th Cir. 1997) (finding a bankruptcy court's decision denying confirmation of a Chapter 11 plan was interlocutory); *Flor v. BOT Fin. Corp.* (*In re Flor*), 79 F.3d 281, 283 (2d Cir. 1996) (concluding that denial of a confirmation of a Chapter 11 plan is non-final); *Lewis v. U.S. Farmers Home Admin.*, 992 F.2d 767, 772 (8th Cir. 1993) (holding that a bankruptcy order neither confirming a plan nor dismissing the

ORDER - 11

underlying petition is non-final); *In re Pleasant Woods Assocs. Ltd. Partnership*, 2 F.3d 837, 838 (8th Cir. 1993) (dismissing appeal from denial of confirmation of Chapter 11 plan); *Simons v. Federal Deposit Ins. Corp.* (*In re Simons*), 908 F.2d 643, 645 (10th Cir. 1990) (holding that order denying confirmation of proposed Chapter 13 plan without dismissal of underlying petition or case was non-final); *Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 91 (2d Cir. 1982) (finding denial of confirmation of Chapter 13 plan was not a final order).

Here, Aguilar's argument regarding condition three is focused exclusively on public interests such as "honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." ECF No. 11 at 3 (quoting *Will*, 546 U.S. at 352)-53. Aguilar further asserts that what constitutes income is certainly in the public interest. ECF No. 11 at 4. The Trustee, however, correctly contends that the order does not meet the third *Cohen* condition because the order is amenable to appellate review after a final judgment has been entered. Because the bankruptcy order denying confirmation is not effectively unreviewable; it cannot be reviewed on appeal until a final order approving an alternative plan or dismissing the underlying bankruptcy case has been entered. Aguilar has not met his burden to establish the third condition.

ORDER - 12

## CONCLUSION

Although this Court has discretion under Bankruptcy Rule 8004(d) to treat Aguilar's notice of appeal as a motion for leave, this case presents no reason for this Court to do so. Accordingly, this Court grants the Trustee's Motion to Dismiss, ECF No. 8.

Additionally, Aguilar has not demonstrated that this issue would meet the three conditions required under the collateral order doctrine. As such, the Trustee's Motion to Dismiss is granted and Aguilar must wait until his plan is confirmed or is fully denied before appealing to this Court.

Accordingly, **IT IS ORDERED:**

1. Appellee United States Trustee's Motion to Dismiss Interlocutory Appeal, **ECF No. 8**, is **GRANTED** and this matter is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, provide copies to the parties, and dismiss this matter.

DATED November 30, 2022.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE